IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00103-KDB-DCK

| | |
|---|---|
| REBECCA L. BOYKIN, <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant/ Counterclaim Plaintiff. | <u>**ORDER**</u> |

**THIS MATTER** is before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 16). The Court has carefully considered the motion and the parties' briefs. For the reasons discussed below, the Court finds that the United States' counterclaims are not barred by the four-year statute of limitations applicable to the North Carolina Uniform Voidable Transaction Act because the United States is not subject to state statutes of limitations when pursuing claims to collect federal taxes. Because the United States timely commenced a proceeding to reduce the tax liability of James Balvich to judgment, the United States' efforts to enforce the judgment in this action are timely. Therefore, Plaintiff's motion will be **DENIED**.

### I. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). Dismissal under Rule 12(b)(6) is appropriate "only when the

complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Darling v. Falls*, 236 F. Supp. 3d 914, 920 (M.D.N.C. 2017). A statute of limitations affirmative defense may be properly raised under Rule 12(b)(6) if "the time bar is apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) (citation omitted); *Goodman v. Praxair*, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (holding that under Rule 12(b)(6) dismissal on statute of limitations grounds may result in the "relatively rare circumstances" when "all facts necessary to the affirmative defense clearly appear on the *face of the complaint*") (emphasis in original) (internal quotations and punctuation omitted).

## II. FACTS AND PROCEDURAL HISTORY

James Balvich owes the United States unpaid taxes for the tax years 1999 through 2006. The United States filed an action in this Court on August 1, 2019 to reduce to judgment Mr. Balvich's tax liabilities. *See United States of America v. James C. Balvich*, Case No. 5:19-CV-00103-KDB-DCK. On August 6, 2020, this Court entered an order ruling Mr. Balvich is indebted to the United States for the taxable years 1999 through 2006 in the amount of $4,473,711.27 as of July 31, 2019, plus statutory interest accruing pursuant to 28 U.S.C. § 1961(c) after that date. (Doc. No. 5, Counterclaim at ¶ 9). A judgment lien related to this debt was created through the filing of an abstract of judgment with the Watauga County, North Carolina Register of Deeds Office on September 18, 2020 located at Book 2124, page 30-31(1). *Id.* at ¶ 47.

Plaintiff's relationship with James Balvich began in 2010. (Doc. No. 5, Counterclaim at ¶ 10). As pleaded by the government, beginning in 2012, Plaintiff's compensation from KB Management Services LLC, a company owned by Mr. Balvich, multiplied several fold even though her job as an administrative assistant for a professional medical service company did not change *Id.* at ¶¶ 13, 17. Then, upon Plaintiff's marriage to Mr. Balvich in 2015, Mr. Balvich gifted

50% ownership of KB Management Services to the her. *Id.* at ¶ 18. Also, since 2014, Plaintiff is the record owner of certain real property located in Boone, North Carolina ("Property"). (Doc. No. 1 at ¶4; Doc. No. 5, Answer at ¶ 4). The United States alleges the funds used to purchase, fund the mortgage, and maintain the Property can be traced to funds that Plaintiff received from Mr. Balvich and KB Management Services. (Doc. No. 5, Counterclaim at ¶ 23).

On May 20, 2019, the United States filed three Notices of Federal Tax Lien ("Nominee Liens") encumbering the Property. *Id.* at ¶ 47. The Nominee Liens were filed against the Plaintiff's Property as the alleged nominee of Mr. Balvich. *Id.* In response, on July 12, 2021, Plaintiff commenced this action by filing a complaint to quiet title seeking a declaration that the Nominee Liens were invalid. On September 10, 2021, the United States, to collect on the liability of Mr. Balvich, filed a counterclaim against Plaintiff seeking to enforce the Nominee Liens based on the grounds that the money used to purchase the property was fraudulently transferred from Mr. Balvich. *Id.* at ¶¶ 27-51.

### III. DISCUSSION

Plaintiff argues Counts I and II of the United States' Counterclaim, which assert claims for fraudulent transfers in violation of the North Carolina Uniform Voidable Transaction Act, N.C.G.S. § 39-23.1, *et seq*, are time barred because the facts pleaded by the United States to establish those fraudulent transfer claims were asserted outside of the applicable four-year statute of limitations. Additionally, Plaintiff contends the asserted basis for Count III of the United States' Counterclaim, that Plaintiff acquired her interest in the Property as Mr. Balvich's nominee, is similarly barred by the statute of limitations. However, the Plaintiff's statute of limitations argument is misguided.

It has long been established that the United States may use state-law creditor remedies and not be subject to the state's statute of limitations when collecting unpaid federal taxes. *United States v. Summerlin*, 310 U.S. 414, 416 (1940) ("It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights."); *United States v. Wade*, 790 F. App'x 906, 909 (10th Cir. 2019) (holding that the operative statute of limitations period that applied to the government's tax collection claim under the Utah Uniform Fraudulent Transfer Act was ten years after the assessment pursuant to 26 U.S.C. § 6502(a)(1) and not the shorter state law statute of limitations period); *United States v. Patras*, 544 F. App'x 137, 143 (3d Cir. 2013) ("The Government's claim against [the Defendant] is not subject to the [New Jersey Fraudulent Transfer Act] extinguishment provision."); *Bresson v. Commissioner of Internal Revenue*, 213 F.3d 1173, 1178 (9th Cir. 2000) (The government's tax collection claim under the California Uniform Fraudulent Transfer Act was not subject to the "extinguishment" provision of California UFTA); *United States v. Wurdemann*, 663 F.2d 50 (8th Cir. 1981) (The government's tax claim against taxpayers under fraudulent transfer law was not barred by state statute of limitations). Rather, the United States is subject to the ten-year limitation imposed by 26 U.S.C. § 6502(a). *United States v. Hoyt*, 524 F. Supp. 2d 638, 641 (D. Md. 2007). Thus, pursuant to 26 U.S.C. § 6502(a), the United States may collect tax by levy or court proceeding within ten years of the assessment date of the tax.

Additionally, when the United States has obtained a timely judgment, its "subsequent efforts to enforce the liability or judgment against a third party will be considered timely." *United States v. Anderson*, 2013 WL 3816733, at *2 (M.D. Fla. July 22, 2013) (holding that civil action to collect federal income taxes of an Estate from the Estate's beneficiaries as a result of transferee liability under the Uniform Fraudulent Transfer Act was not time barred by the ten-year statute of

limitations found in 26 U.S.C. § 6502(a)); *see also United States v. Worldwide Lab. Support of Illinois, Inc.*, 2011 WL 148196, at *2 (S.D. Miss. Jan. 18, 2011) (holding that the ten-year statute of limitation period of "Section 6502 is inapplicable" to an action "against an alleged transferee in aid of collecting a judgment already obtained against the taxpayer"); *United States v. Brickman*, 906 F. Supp. 1164, 1170 (N.D. Ill. 1995) (holding that the United States was not time-barred from bringing an action to enforce assessment liens against the transferee of a transferee because when "a timely action has been commenced by the United States [to reduce assessed taxes to judgment], the statute of limitations stops running, and the United States can enforce the judgment at any time").

In August 2020, the United States obtained a timely judgment against Mr. Balvich from this Court. *See United States of America v. James C. Balvich*, Case No. 5:19-CV-00103-KDB-DCK, Doc. No. 5. Consequently, because the United States is not subject to the four-year statute of limitation of the North Carolina Uniform Voidable Transaction Act and obtained a timely judgment against Mr. Balvich that remains enforceable pursuant to 26 U.S.C. 6502(a), the United States is not time barred from seeking a judgment against Defendant or her property to collect Mr. Balvich's tax debt.

## IV. ORDER

**THEREFORE IT IS ORDERED** that the Plaintiff's Motion to Dismiss (Doc. No. 16) is **DENIED.**

**SO ORDERED**

Signed: January 4, 2022

Kenneth D. Bell
United States District Judge